SCHMITT REALTY & INV CO et v

MONKS et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 9636, 9573, 9548.    Decided May 13, 1929

Messrs. Henderson, Quail, McGraw & Morgan, Cleveland, for Schmitt Rlty & Inv Co.

Messrs. Bernon, Mulligan, Keeley & Le-Fever, Cleveland, for Monks.

548

LEVINE, J.

In interpreting the phrase "will be beneficial to the stockholders" used in the code, no reference can be had to any particular stockholder. Benefits accruing to some stockholders and not to others must be eliminated. It requires the consideration of only those things that affect alike all stockholders as such. This is reasonable because in a dispute which arises between minority and majority stockholders it is most often the case that what is harmful to the minority proves beneficial to the majority as individuals.

Both sides seem to concede the point that considerations which do not affect alike the owners of a majority and the owners of the minority of the shares, must be eliminated.

In **Summers et al v. Thomas Mfg. Co. 82 OS. 338,** there are some illuminating statements found in the opinion of the court on pages 344, 349 and 350.

Accordingly the court must consider only those matters that affect alike all the stockholders as stockholders.

Considerable space is devoted in the briefs of counsel for plaintiffs in error to the argument that in considering whether or not a dissolution will be beneficial to the interests of the stockholders, the court must bear in mind whether other remedies not as drastic as the dissolution of the company will be sufficiently effective to elminate abuses. It is contended that a court of equity could give injunctive relief to stop the payment of excessive salaries and other abuses which may creep into the operation of the company. The trial court apparently took the view that the action of the majority stockholders in voting for themselves excessive salaries was but one of the incidents which led to the present situation. The concession that there may be need for a resort to the equitable processes of the court in order to remedy the situation, adds strength to the position of the trial court in decreeing dissolution as it casts dismal reflections upon the future prospects of the company.

In judging of the prospects of the company the trial court is supported by evidence in having reached the conclusion that the situation which existed, namely, the unhealable breach between the minority and majority stockholders, caused by a number of incidents which preceded it, shows that the company cannot successfully function and that the continuance of the corporation will cause a loss to its business and a sacrifice of its property.

The mere ability of the minority stockholders to resort to the process of injunction by way of remedying some of the abuses, will not bridge the gap now existing between the contending factions nor will it bring about the future harmonious cooperation, nor does it furnish a more favorable view of the company's prospects. Quite the contrary is true.

Litigation of the character suggested intensifies the feeling between the parties and makes their relations even more strained. It is the common experience of the business world that embittered litigation

between factions in a corporation tend to reduce the value of the corporation's assets. It has a destructive and depreciating effect which in some cases leads to utter disorganization.

The trial court reached the conclusion from the facts presented to it that the dissolution of the corporation will be beneficial to the stockholders. It made a finding of fact supported by some evidence.

In order that this reviewing court be empowered to reverse this finding of the common pleas court, it would have to first find from the record that the finding and judgment of the common pleas court was manifestly against the weight of the evidence. We are unable to reach such a conclusion and the judgment of the Common Pleas Court is therefore affirmed.

Vickery, PJ, and Sullivan, J, concur.